IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sirdonia Lashay Manigault-Johnson, and her child R.R., on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>Google, LLC, a Delaware limited liability company; Alphabet, Inc, a Delaware corporation; Youtube, LLC, a limited liability company,<br><br>                Defendants. | Civil Action No. 2:18-cv-1032-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon the proposed class action complaint filed by Plaintiff Sirdonia Lashay Manigault-Johnson, and her child R.R., on behalf of themselves and others similarly situated ("Plaintiffs"). In the complaint, Plaintiffs allege:

> This is an action brought by and on behalf of parents of children who, while viewing only videos via smart phone apps and websites, have had their personally identifying information exfiltrated by the Defendants and their partners, for future commercial exploitation, in direct violation of the federal Children's Online Privacy Protection Act (COPPA), 15 U.S.C. §§ 6501–6506. Plaintiff brings claims under federal and state laws to obtain an injunction to cease these practices, sequester illegally obtained information, and for damages.

(ECF No. 1 ¶ 1.) Plaintiffs's complaint names as Defendants Google, LLC ("Google"); Alphabet, Inc. ("Alphabet"); and Youtube, LLC ("YouTube"), and alleges causes of action for (1) intrusion upon seclusion, brought on behalf of a multi-state class[1] and (2) violation

---

[1] Plaintiffs' complaint defines the multi-state class as follows:

all persons residing in the United States who are younger than the age of 13, or were

of the California constitutional right to privacy, brought on behalf of a California sub-class of the multi-state class.[2]

Currently before the Court are Defendant Alphabet's motion to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 19) and all Defendants' motion to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Rule 12(b)(6) (ECF No. 18).  Plaintiffs filed a response opposing both motions, and Defendants filed replies.  After review and for the reasons set forth herein, the Court grants both motions to dismiss.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  As the Supreme Court held in *Bell Atl. Corp. v. Twombly*, the pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 555 (2007)).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

---

younger than the age of 13 when they viewed content on or through Defendants' websites or apps, and their parents and/or legal guardians, from whom Defendant collected, used, or disclosed personal information without verifiable parental consent.

(ECF No. 1 ¶ 68.)

[2] Plaintiffs define the California sub-class of the multi-state class as follows:

all persons residing in the State of California who are younger than the age of 13, or were younger than the age of 13 when they viewed content on or through Defendants' websites or apps, and their parents and/or legal guardians, from whom Defendants collected, used, or disclosed personal information without verifiable parental consent.

(ECF No. 1 ¶ 69.)

action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ANALYSIS

### I.    Defendant Alphabet's Motion to Dismiss

In this action, Plaintiffs have sued three different companies: YouTube, which is a wholly owned subsidiary of XXVI Holdings, Inc.; Google, which is also a wholly owned subsidiary of XXVI Holdings, Inc.; and Alphabet, which is the parent company of XXVI Holdings, Inc. In its motion to dismiss, Defendant Alphabet asserts that Plaintiffs' complaint only addresses specific conduct on the part of YouTube and Google and does not allege that Alphabet engaged in any independent wrongdoing. Alphabet asserts that the complaint contains only one factual allegation regarding it, namely, that it is Google's parent company. (ECF No. 19 at 3 (citing ECF No. 1 ¶¶ 6, 22).) Accordingly, Alphabet asserts that the complaint fails to state a plausible claim against it and fails to allege any

3

extraordinary circumstances that would justify disregarding Alphabet's separate corporate existence.

In response, Plaintiffs urge the Court to disregard Alphabet's corporate form "because Plaintiffs' alleged facts demonstrate that *its subsidiaries* operated in contravention of law and in reckless disregard of the public good." (ECF No. 25 at 3 (emphasis added).) Plaintiffs state:

> Here, the Complaint alleges Alphabet's ownership [of] Google. Compl. ¶ 6. The Complaint further alleges that YouTube is a subsidiary of Google. Compl. ¶ 22. Defendants do not dispute the corporate structure as alleged. Defs.' Mem. in Supp. of Mot. to Dismiss 1, ECF 19. With universal agreement that Alphabet drives this corporate vehicle, the Complaint describes Defendants' flagrant disregard of federal law and intrusions upon the most sacred institution - the family home. Particularly, the Complaint alleges *the Defendants* collect and obtain children's personal information. Compl. ¶ 61. Defendants then advertise their ill-gotten information to marketers, promising demographically specific targeting abilities. Compl. ¶¶ 33-39. In effect, Defendants devised a profitable scheme to provide direct, third-party access to children. Much like an online dating service for adults, Defendants monetized their ability to match advertisers with children.

(*Id.* at 5 (emphasis in original).) In support of their argument, Plaintiffs quote *Maloney-Refaie v. Bridge at Sch., Inc.*, which provides that "a court may disregard the corporate form in the interest of justice, when such matters as fraud, contravention of law or contract, public wrong, or where equitable considerations among members of the corporation are involved." 958 A.2d 871, 881 (Del. Ch. 2008) (internal citations omitted).

After review of the parties' briefs, the Court finds that Plaintiffs' complaint fails to state a plausible claim against Alphabet. As noted by both parties, "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation marks omitted); accord *In re Sunstates Corp.*

*S'holder Litig.*, 788 A.2d 530, 534 (Del. Ch. 2001) ("For the purposes of the corporation law, the act of one corporation is not regarded as the act of another merely because the first corporation is a subsidiary of the other, or because the two may be treated as part of a single economic enterprise for some other purpose."). As previously explained, Plaintiffs urge the Court to disregard the corporate form because Alphabet's *subsidiaries* have allegedly operated in contravention of law and in violation of the public good. (ECF No. 25 at 3.) However, nowhere do Plaintiffs allege any independent wrongdoing on the part of Alphabet, and Plaintiffs' allegation that Alphabet's *subsidiaries* have engaged in wrongdoing is simply inadequate to state a cognizable claim against Alphabet.

Moreover, the Court is not convinced by Plaintiffs' argument that general references to *Defendants* as a whole somehow allege a plausible claim to pierce the corporate veil. Stated plainly, it is not sufficient for Plaintiffs to lump together "Defendants" by corporate families and then ascribe liability to the group rather than to individual Defendants. Rather, pursuant to Delaware law, piercing the corporate veil "requires that the corporate structure cause fraud or similar injustice." *Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999). Thus, Plaintiffs are incorrect to assert that piercing the corporate veil is warranted simply because Plaintiffs have alleged some wrongful conduct on the part of Alphabet's subsidiaries, or even on behalf of "Defendants" as a generalized group. Instead, Plaintiffs' complaint must allege some misuse of the corporate form, i.e., some facts showing that the corporate form is being used for wrongful purposes. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543-44 (4th Cir. 2013); *Lancaster v. Alphabet, Inc.*, No. 15-cv-5299-HSG, 2016 WL 3648608 (N.D. Cal. July 8, 2016). However, Plaintiffs' complaint alleges only that Alphabet is the parent corporation

5

of Google and Youtube and does not allege any facts showing how Alphabet is responsible for the conduct alleged in the complaint, much less facts that would support the drastic remedy of piercing the corporate veil. Accordingly, the Court finds that Plaintiffs' complaint fails to state a plausible claim against Alphabet, and the Court grants Alphabet's motion to dismiss.

## II.     All Defendants' Motion to Dismiss

In their motion to dismiss, Defendants first assert that all of Plaintiffs' claims are both expressly and impliedly preempted by the Children's Online Privacy Protection Act of 1998 ("COPPA") because their purported state law claims rest entirely upon alleged COPPA violations. Next, Defendants assert that Plaintiffs have failed to plead sufficient facts to support their claims. Specifically, with respect to Plaintiffs' claim for violation of the right to privacy under the California constitution, Defendants first assert that, as South Carolina residents, Plaintiffs cannot allege such a claim. In addition, Defendants assert that Plaintiffs' complaint fails to allege sufficient facts to support several elements of such a claim. Finally, with respect to Plaintiffs' common law claim for intrusion upon seclusion, Defendants allege that the complaint fails to allege sufficient facts to show (1) an intentional intrusion into a private place; (2) conduct by Defendants that is sufficiently offensive; or (3) resulting injury.

Plaintiffs oppose Defendants' motion and assert that their state law claims are not expressly preempted by COPPA, relying on the Third Circuit's decision in *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 293 (3 d Cir. 2016), *cert. denied sub nom C.A.F. v. Viacom, Inc.*, 137 S.Ct. 624 (2017). In addition, Plaintiffs assert that their state law claims are not impliedly preempted by COPPA. Plaintiffs contend that their complaint

adequately alleges a California invasion of privacy claim because the proposed sub-class consists only of California residents. Plaintiffs also contend that the complaint adequately pleads the elements of both a California constitutional privacy claim and a South Carolina intrusion on seclusion claim.

### A. Plaintiffs' Claim for Violation of the California Constitutional Right to Privacy

As an initial matter, the Court finds that Plaintiffs' proposed class claim under the California constitution–although limited to a proposed sub-class of California residents–fails for the simple reason that Plaintiffs' complaint does not identify *a named plaintiff* with standing to pursue this claim. As Defendants point out, the named Plaintiffs are South Carolina residents, and they cannot maintain this cause of action under the California constitution. Plaintiffs seemingly urge the Court to ignore this defect because Rule 23 does not provide a specific timeline for identifying a named representative of a subclass. (ECF No. 25 at 19.) However, the Court is not convinced by Plaintiffs' argument and finds that a purported class claim that does not identify a named plaintiff with standing to pursue the claim is subject to dismissal. *See*, *e.g*, *Zaycer v. Sterm Foods, Inc.*, 896 F. Supp. 2d 399, 402-03, 407-09 (D. Md. 2012) (dismissing proposed class action claims because the named plaintiff lacked standing to sue under the consumer protection laws of states other than the state where the event that allegedly caused injury occurred, even though the potential class contained sub-classes comprised of individuals whose injuries occurred in those separate states); *Godfredson v. JBC Legal Grp., P.C.*, 387 F. Supp. 2d 543, 551-52 (E.D.N.C. 2005) (dismissing a RICO claim in a proposed class action because the named plaintiffs failed to present a party with standing to bring the claim). Under Rule 12(b)(1),

7

if a party lacks standing, then the Court automatically lacks subject matter jurisdiction. Here, the Court finds that Plaintiffs lack standing to bring their second cause of action under the California constitution; accordingly, the Court dismisses this claim for lack of subject matter jurisdiction.

### B.     Plaintiffs' Claim for Intrusion upon Seclusion

Defendants also assert in their motion that Plaintiffs' complaint fails to state a plausible claim for intrusion on seclusion under either California or South Carolina law.[3] Specifically, Defendants assert that (1) the complaint fails to allege an intentional intrusion into a private place; (2) Plaintiffs fail to allege facts showing sufficiently offensive conduct on the part of Defendants; and (3) the complaint fails to allege facts showing resulting injury.  In response, Plaintiffs assert that their complaint sufficiently pleads a claim for intrusion upon seclusion.

First, Plaintiffs assert that Defendants have intentionally intruded in Plaintiffs' mobile devices and their online behavior and that Plaintiffs have a reasonable expectation of privacy with respect to their mobile devices.  In support, Plaintiffs cite *Carpenter v. United States*, where the Court considered whether the government conducts a Fourth Amendment search when it accesses historical cell phone data in connection with a law

---

[3] Plaintiffs assert in paragraph 12 of their complaint that California law applies to their claims, but in their response in opposition to Defendants' motion to dismiss, they cite South Carolina law.  As Defendants point out in their motion to dismiss, it is not necessary to resolve the choice-of-law question because the elements of a California common law claim for intrusion-upon-seclusion claim and the elements of a South Carolina common law claim for wrongful intrusion into private affairs are substantially similar.  In California, a plaintiff asserting a claim under the common law tort of intrusion must allege facts showing that the defendant "intentionally intrude[d] into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy"; that the intrusion "occur[red] in a manner highly offensive to a reasonable person"; and that the intrusion harmed the plaintiff.  *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1072 (Cal. 2009).  Under South Carolina law, a plaintiff alleging a claim for wrongful intrusion into private affairs must allege facts showing: (1) intrusion; (2) into that which is private; which is (3) substantial and unreasonable; and (4) intentional.  *Snakenberg v. Hartford Cas. Ins. Co.*, 299 S.C. 164, 170 (Ct. App. 1989).

enforcement investigation. 138 S.Ct. 2206 (2018). As an initial matter, the Court does not find *Carpenter* particularly helpful to Plaintiffs' claims. *Carpenter* involved the government's use of cell phone information pertaining to individuals' physical movements, while Plaintiffs' claims here concern website operators' collection of personal information *from users of its platforms*. In addition, the Court notes that Plaintiffs' quotation from *Carpenter* is slightly misleading. Plaintiffs state that "the Supreme Court reaffirmed 'that individuals have a reasonable expectation of privacy' when it pertains to their mobile devices as they 'hold . . . the privacies of life.'" (ECF No. 25 at 22.) What the Court stated in *Carpenter* is this: "A majority of the Court has already recognized that individuals have a reasonable expectation of privacy *in the whole of their physical movements*." *Carpenter*, 138 S.Ct. At 2209-10 (emphasis added). The Court further stated that "[*a*]*llowing government access* to cell-site records–which "hold for many Americans the 'privacies of life,' " [ ] contraves that expectation." *Id.* at 2210 (emphasis added) (quoting *Riley v. California*, 573 U.S. —, —, 134 S.Ct. 2473, 2494-95 (2014)). Thus, the Court ultimately held "that an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through [cell-site location information]." *Id.* at 2217.

Here, Plaintiffs' complaint does not allege that Defendants collected information regarding Plaintiffs' physical movements; rather, the complaint alleges that Defendants collected certain personal information from children under 13 without giving notice or obtaining advanced, verifiable consent, in violation of COPPA. (ECF No. 1 ¶ 61.) It is not entirely clear whether the allegations of Plaintiffs' complaint are sufficient to allege an intentional intrusion into a matter as to which Plaintiffs had *an objectively reasonable expectation of privacy*. *See*, *e.g.*,195 Cal. App. 4th 664, 669 (Cal. Ct. App. 2011) (finding

that internet and email users have no expectation of privacy in the addresses of their messages or the IP addresses of the sites they visit because they should know that this information is provided to internet service providers to direct the routing of information). However, even assuming that the allegations are sufficient, Plaintiffs still must allege sufficient facts showing a substantial and unreasonable intrusion, i.e., facts showing that the intrusion occurred in a manner "highly offensive" to a reasonable person.

Here, Plaintiffs assert that the "highly offensive" standard is rapidly changing and is a moving target but that "Plaintiffs' allegations detail how Defendants advertise their ability to reach past parental supervision and communicate directly with children." (ECF No. 25 at 23.) Plaintiffs claim "there is no question that a jury would be repulsed by Defendants' efforts to peddle digital, unfettered access to America's youth." (*Id.* at 24.)

In *Nickelodeon*, the Third Circuit considered this issue and affirmed the district court's determination that the plaintiffs' allegations–concerning Google's use of cookies for commercial purposes and collection and monetization of online information, both with respect to adults *and* children–were not sufficient to show a "highly offensive" intrusion. 827 F.3d 262, 294. The court stated:

> With respect to Google, we agree with the District Court. As Google fairly points out, courts have long understood that tracking cookies can serve legitimate commercial purposes. The plaintiffs do not challenge the proposition that the use of "cookies on websites geared toward adults" is generally acceptable, instead falling back on the claim that the use of cookies to track children is particularly odious. We are not so sure. Google used third-party cookies on Nick.com in the same way that it deploys cookies on myriad others websites. Its decision to do so here does not strike us as sufficiently offensive, standing alone, to survive a motion to dismiss.

*Id.* at 294-95. Thus, the court affirmed the district court's dismissal of the plaintiffs' intrusion upon seclusion claim with respect to Google. With respect to Viacom, however, the Third

10

Circuit found the plaintiffs' allegations sufficient to survive a motion to dismiss, stating:

> As to Viacom, however, our conclusion is different. In the same way that Viacom's message to parents about not collecting children's personal information may have created an expectation of privacy on Viacom's websites, it also may have encouraged parents to permit their children to browse those websites under false pretenses. We recognize that some cases suggest that a violation of a technology company's privacy-related terms of service is not offensive enough to make out a claim for invasion of privacy. Even so, our decision in *Google* compels us to reach a different result. Just as *Google* concluded that a company may commit intrusion upon seclusion by collecting information using duplicitous tactics, we think that a reasonable jury could reach a similar conclusion with respect to Viacom.

*Id.* at 295. It is clear from the court's discussion in *Nickelodeon* that its decision with respect to Viacom was based on Viacom's alleged duplicitous tactic of including a message to parents indicating that it did not collect children's personal information.[4]

Here, however, Plaintiffs' complaint alleges no such duplicitous tactics on the part of Defendants. Rather, Plaintiffs' complaint alleges that "during the time R.R. viewed videos on Defendants' websites or through their apps, one or more of the Defendants collected, disclosed, or used personal information and persistent identifiers of R.R." for "commercial gain." (ECF No. 1 ¶ 63.) Plaintiffs also allege that Defendants never asked Manigault-Johnson "for her verifiable consent . . . to collect, disclose, or use her child's personal information" or "provided direct notice" about such practices. (*Id.* ¶ 64, 65.) Plaintiffs' complaint does not allege that Defendants' conduct violated Defendants' privacy policies, and nowhere do Plaintiffs allege the type of duplicitous tactics present with respect to Viacom in *Nickelodeon*. In all, the Court finds these allegations more akin to the

---

[4] Specifically, the website included a message on the page that children used to register for website accounts, stating: "'HEY GROWN-UPS: We don't collect ANY personal information about your kids. Which means we couldn't share it even if we wanted to!'" 827 F.3d at 292.

11

allegations against Google in *Nickelodeon*, where the Third Circuit concluded that Google's use of cookies to collect information about children's use of the service was not "sufficiently offensive, standing alone, to survive a motion to dismiss." 827 F.3d at 295. Thus, the Court agrees with Defendants that Plaintiffs fail to allege sufficiently offensive conduct on the part of Defendants to survive a motion to dismiss.

Moreover, the Court notes that *even if* Plaintiffs do allege conduct that is sufficiently offensive, Plaintiffs' factual allegations fail to show that Defendants' alleged intrusion in any way harmed or injured Plaintiffs.[5] In their complaint, Plaintiffs simply allege that they "and Class members were harmed by the intrusion in to their private affairs as detailed throughout this Complaint." (ECF No. 1 ¶¶ 85-86.) However, Plaintiffs allege no *facts* to support their alleged harm, and the Court finds this unadorned they-harmed-me allegation wholly insufficient.

In summary, the Court finds that it lacks subject matter jurisdiction as to Plaintiffs' claim for violation of the right to privacy under the California constitution, as Plaintiffs lack standing to bring such a claim. And the Court agrees with Defendants that Plaintiffs' claim for intrusion upon seclusion–whether based on California or South Carolina common law–fails to contain sufficient factual allegations to state a plausible claim for relief. Having so found, the Court need not reach the parties' remaining arguments regarding COPPA's

---

[5] In *Rowland v. JP Morgan Chase Bank, N.A.*, the court explained that

> Under California law, the essential elements of an intrusion upon seclusion claim are as follows: "(1) [t]he defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion, private affairs or concerns of the plaintiff; (2) [t]he intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person; and (3) [t]he intrusion caused plaintiff to sustain injury, damage, loss or harm.

No. C 14-00036 LB, 2014 WL 992005, at *11 (N.D. Cal. March 12, 2014) (citations omitted).

preemption of Plaintiffs' claims.  However, in the interest of creating a complete record, the Court simply notes that it agrees with Defendants' arguments on this point.  Specifically, although Plaintiffs have attempted to frame their claims as arising under state law, it is clear that all of their claims are predicated on alleged violations of COPPA rather than on additional activity that violates state law.  In other words, Plaintiffs' complaint does not accuse Defendants of conduct beyond that regulated by COPPA.  Thus, it appears to the Court that Plaintiffs seek to use the vehicle of state law to privately enforce the provisions of COPPA, which Congress clearly intended to preclude when it included an express preemption clause in COPPA and assigned exclusive enforcement of COPPA to the Federal Trade Commission and state attorneys general.  15 U.S.C. § 6502(d).

Moreover, the Court is not convinced by Plaintiffs' reliance on *Nickelodeon* because the intrusion-upon-seclusion claim that the Third Circuit held was not preempted in *Nickelodeon* was premised on Viacom's alleged deceptive conduct, specifically, the plaintiffs' allegation that Viacom collected children's personal information after it specifically indicated that it would not collect the children's personal information.  Here, in contrast, Plaintiffs' intrusion-upon-seclusion claim is based on nothing more than alleged violations of COPPA, and Plaintiffs do not allege any additional deceitful tactics or deceptive conduct on the part of Defendants.  For these additional reasons, the Court finds that this suit is subject to dismissal.

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that Defendants' motions to dismiss (ECF Nos. 18 and 19) are granted, and this action is dismissed.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 31, 2019
Charleston, South Carolina